NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMED ALY and NEAMA A. ABDELAAL, Husband and Wife, : | |
| : | Civil Action No. 04-3886 (SRC) |
| Plaintiffs, : | |
| : | OPINION |
| v. : | |
| FEDERAL EXPRESS, INC., et al., : | |
| Defendants. : | |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff Mohammed Aly's motion in limine to bar evidence relating to his alleged comparative fault [docket entry 136]. Opposition to the motion has been filed by Defendant Stewart Glapat Corporation ("Stewart Glapat") and by Defendant Federal Express, Inc. ("Fed Ex"). By Order of April 27, 2010, the Court denied Plaintiff's motion as to Defendant Fed Ex but reserved decision as to Stewart Glapat. The admissibility of the evidence with regard to Plaintiff's claims against Stewart Glapat is the limited issue presently before the Court. This Court has considered the written submissions by the parties and the arguments made by counsel in the proceedings before this Court on April 23, 2010. For the reasons discussed below, this Court grants Plaintiff's instant motion in limine.

The facts of this case are well-known to the parties and, moreover, set forth at length in the Court's September 22, 2008 Opinion relating to various summary judgment motions. Thus,

the Court will not give an exhaustive synopsis here.  For purposes of this motion, it suffices to state that Plaintiff Aly sustained a personal injury when his arm became caught in an in-running nip point on the underside of a machine known as an Adjustoveyor.  The accident occurred in the course of maintenance work Plaintiff had been hired to perform on the machine.  The manufacturer of the Adjustoveyor is Stewart Glapat.  Plaintiff filed suit against various defendants to recover for his injuries.  His claims against Stewart Glapat arise under the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq*.  The theory of Plaintiff's product liability claims is that the Adjustoveyor was defectively designed for failure to include barrier or enclosure guards to prevent workers from contacting hazardous moving components, in particular the transmission or drive area of the machine where Plaintiff's injury occurred.

On this motion in limine, Plaintiff seeks an order from the Court precluding Stewart Glapat from presenting any evidence of Plaintiff's comparative negligence.  In support of his motion, Plaintiff relies on the "*Suter* rule."  The well-settled *Suter* rule bars the defense of comparative negligence in a products liability case brought by a plaintiff injured in a workplace setting while performing an aspect of his or her job, regardless of whether the danger presented by the machine was known or unknown to the defendant.  *Suter v. San Angelo Foundry & Machine Co.*, 81 N.J. 150, 168 (1979).  In *Suter*, the manufacturer defendant introduced evidence at trial that the accident, which occurred when the plaintiff's arm became caught in moving parts while he was trying to remove something from the subject machine, had been caused by the plaintiff's own carelessness.  *Id.* at 157.  In particular, the defendant's expert had testified that the accident occurred because the plaintiff "had placed himself in an unsafe position while reaching inside the cylinder without first cutting off the power to the machine."  *Id.* at 157.  The Supreme

Court concluded that the trial court had incorrectly instructed the jury to consider plaintiff's contributory negligence. In so holding, the Suter court reaffirmed the earlier New Jersey Supreme Court decision in *Bexiga v. Havir Mfg. Corp.*, in which the Supreme Court held that a plaintiff's contributory or comparative negligence is inapplicable in a workplace products liability case. *Suter*, 81 N.J. at 167-68; *Bexiga v. Havir Mgf. Corp.*, 60 N.J. 402, 412 (1972). It opined: "We see no reason to depart from *Bexiga*'s elimination of contributory negligence where an employee is injured due to a defect (whether design or otherwise) in an industrial accident while using a machine for its intended or foreseeable purposes." *Suter*, 81 N.J. at 167-68. In *Bexiga*, the court provided the following rationale for eliminating the defense:

> The asserted negligence of plaintiff - placing his hand under the ram while at the same time depressing the foot pedal - was the very eventuality the safety devices were designed to guard against. It would be anomalous to hold that defendant has a duty to install safety devices but a breach of that duty results in no liability for the very injury the duty was meant to protect against.

*Bexiga*, 60 N.J. at 412.

In opposition, Stewart Glapat does not take issue with the unavailability of a comparative negligence defense to Plaintiff's product liability claims, pursuant to *Bexiga*, *Suter* and their progeny. In fact, it represents that it does not intend to assert the defense. Instead, Stewart Glapat argues that evidence of Plaintiff's conduct is nevertheless admissible as relevant to the issue of proximate cause.

New Jersey courts indeed have drawn a distinction between the *Suter* rule, under which a plaintiff's alleged negligence in using a product in a foreseeable manner would be irrelevant, and the separate question of whether the plaintiff employee's misconduct was the sole and proximate

3

cause of the injury. *Johansen v. Makita U.S.A., Inc.*, 128 N.J. 86, 101-102 (1992). The courts have emphasized that in spite of the elimination of comparative negligence as a defense under *Bexiga* and *Suter*, the employee plaintiff must nevertheless establish causation to prevail on a products liability claim. *Jurado v. Western Gear Works*, 131 N.J. 375, 389 (1993); *Congiusti v. Ingersoll-Rand Co., Inc.*, 306 N.J. Super. 126, 134-35 and n.1 (App. Div. 1997); *Fabian v. Minster Mach. Co., Inc.*, 258 N.J. Super. 261, 281 (App. Div.), *certif. denied*, 130 N.J. 598 (1992).

Even so, the New Jersey Supreme Court has recognized that there are some situations in which the question of proximate cause is not one that the jury must resolve independently and separately from the question of whether a subject product contains a design defect. *Jurado*, 131 N.J. at 388. Proximate cause, the Supreme Court has observed, may be "predetermined" by the issue of defect. *Id.* The court reasoned that the manufacturer has a duty to protect against foreseeable misuse, a question that the jury must decide in conducting the risk-utility analysis. *Id.* at 388-89. When product misuse is an issue in a design defect case, as Stewart Glapat contends here, the jury must first determine whether the plaintiff used the product in an objectively foreseeable manner. *Id.* at 389. If so, the jury's next task is to consider the product's utility and evaluate whether the defendant feasibly could have modified the product's design to prevent the injury. *Id.* Once the jury finds that "the product is defective solely because of the manufacturer's failure to protect against a foreseeable misuse" then the "determination of defect predetermines the issue of proximate cause." *Id.* This is so because if the product is found to be defective for failure to prevent the plaintiff's misuse of the product, then introducing evidence of the plaintiff's misuse for purposes of defeating the causal link between defect and injury would

"negate the very reason for declaring the design defective in the first instance." *Id.* at 388 (quoting Aaron Twerski, *The Many Faces of Misuse: An Inquiry Into the Emerging Doctrine of Comparative Causation*, 29 Mercer L.Rev. 403, 421 (1978)); *see also Bexiga*, 60 N.J. at 412 ("It would be anomalous to hold that defendant has a duty to install safety devices but a breach of that duty results in no liability for the very injury the duty was meant to protect against.").

The Court finds that the case at bar falls into that category of cases in which the question of proximate cause will be predetermined by the jury's resolution of whether the product was defectively designed. The Adjustoveyor's alleged design defect consists of its failure to include some kind of barrier or enclosure guard that would prevent a person's body from coming into contact with the Adjustoveryor's transmission areas while in motion. According to Plaintiff's theory of products liability, such a modification to the Adjustoveyor's design would have prevented Plaintiff's arm from getting caught in an in-running nip point; put differently, Plaintiff contends that the defective design (lack of guard) caused his injury. Stewart Glapat argues that, putting aside issues of product defect and comparative negligence, it should be permitted to present evidence that the injury would not have occurred but for Plaintiff's own failure to halt operation of the machine in accordance with standard lockout/tagout procedures in which he had been trained and instructed. In other words, Stewart Glapat argues that Plaintiff's misuse of the Adjustoveyor pertains to the issue of proximate cause. However, in this case the proximate cause question will necessarily be predetermined by the question of whether the machine was defectively designed, for the design defect analysis requires the jury to determine whether Plaintiff's alleged misuse was foreseeable. If it was not, then Stewart Glapat will have breached no duty to Plaintiff under the Product Liability Act and the issue of proximate cause will be

moot. So, too, will the issue be moot if the jury concludes on a risk-utility analysis, that the alternative design proposed by Plaintiff is not feasible. If, on the other hand, Plaintiff's misuse was foreseeable, and the jury proceeds to determine that the product was defectively designed, then it would be illogical to negate Stewart Glapat's liability based on the very misuse it had a duty to protect against. This is, in sum, a case in which "the very reason for declaring the design defective [would be] to prevent [the] kind of foreseeable misuse" that Stewart Glapat wishes to introduce as evidence of a lack of proximate cause between the design defect and the injury. *Jurado*, 131 N.J. at 388 (quoting Twerski at 421). As to the products liability claim against Stewart Glapat, the proximate cause question, regarding Plaintiff's alleged misuse of the Adjustoveyor, will be subsumed within the issue of whether the product was defectively designed or not.

    It is clear, in this workplace products liability case, that Stewart Glapat may not raise the defense of Plaintiff's comparative negligence, nor argue that Plaintiff cannot establish the causal connection between the alleged product defect and Plaintiff's injury because his own carelessness, negligence or misuse of the Adjustoveyor was the proximate cause of the injury. Plaintiff's alleged misconduct in handling or operating the Adjustoveyor is therefore not admissible for the purpose of reducing any recovery he may obtain under comparative negligence principles or for the purpose of proving at trial that his conduct, rather than any proven design defect in the Adjustoveyor was the proximate cause of his injury. Evidence of Plaintiff's alleged misuse of the machine can go only to the question of foreseeability of the misuse, for purposes of the jury's determination of whether Defendant Stewart Glapat owes any duty to Plaintiff under the Product Liability Act.

Accordingly, the Court will grant Plaintiff's motion in limine to preclude Stewart Glapat from presenting evidence of Plaintiff's alleged negligence. An appropriate form of order will be filed.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: August 5, 2010